Christina Elisabeth WATCHORN, a Minor, by and through her Mother and Next Friend, Elisabeth CHRISTENSON, and Elisabeth Christenson, Individually, Plaintiffs,

v.

TOWN OF DAVIE, a Florida municipal corporation, Robert A. Banks, Edward G. Kraynak, Jr. and Richard Smith, Defendants.

No. 91–6548–CIV.

United States District Court,
S.D. Florida.

Aug. 7, 1992.

---

William R. Amlong, Amlong & Amlong, P.A., Fort Lauderdale, Fla., for plaintiffs.

Michael T. Burke, Johnson, Anselmo, Murdoch, Burke & George, Fort Lauderdale, Fla., for defendants.

## OMNIBUS ORDER ON POST-TRIAL MOTIONS

PAINE, District Judge.

### Background

CHRISTINA ELISABETH WATCHORN ("WATCHORN") and ELISABETH CHRISTENSON ("CHRISTENSON") jointly sued the individual Defendants and the TOWN OF DAVIE ("DAVIE") for money damages under Title 42, United States Code, Section 1983[1] and pendent, related state law claims. During a jury trial held March 25–31, 1992, Plaintiffs voluntarily dismissed their Section 1983 claim against DAVIE, and the Court directed a verdict in favor of DAVIE on the sole state law claim against it.

Only the constitutional claims against individual Defendants were presented to the jury. Specifically, WATCHORN claimed that RICHARD SMITH ("SMITH"), while acting "under color of state law" as a member of the DAVIE Police Department, intentionally violated her constitutional rights not to be deprived of liberty without due process of law and to be free from the use of excessive force during an arrest. CHRISTENSON claimed that ROBERT BANKS ("BANKS") and EDWARD KRAYNAK ("KRAYNAK"), also members of the DAVIE Police Department, intentionally violated the same constitutional rights.

---

**1.** "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

The jury found that SMITH intentionally violated WATCHORN's right to due process, but not her right to be free from excessive force. They awarded her no damages. The jury found that neither BANKS nor KRAYNAK intentionally violated CHRISTENSON's constitutional rights (DE 38).

### Analysis

#### 1. Plaintiffs' Motion for New Trial (DE 45)

■ WATCHORN argues that the jury findings that she was arrested without probable cause, yet was not subjected to excessive force, are legally inconsistent. In other words, she contends that *any* force used in connection with an improper arrest is excessive. WATCHORN fails, however, to cite any authority on point; the lone case cited, *Kidd v. O'Neil*, 774 F.2d 1252, 1256–57 & n. 4 (4th Cir.1985), discusses *significant* force in a different context. The Court agrees with Defendants that, as to the distinct claim of excessive force, "[t]he issue presented is the reasonableness of the force and not the validity of the arrest." (DE 58 at 2).[2]

Plaintiffs' remaining arguments concern the weight of the evidence. Because the jury verdict is not contrary to the great weight thereof, the Court declines to order a new trial. *See Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir.1982).

#### 2. Plaintiff's Motion for Entry of Judgment (DE 44); Defendants' Motion for Entry of Judgment (DE 54);

■ WATCHORN makes a post-trial claim for nominal damages, which she argues would entitle her to attorneys' fees under Title 42, United States Code, Section 1988(b).[3] It is agreed that a deprivation of constitutional rights is "actionable for nominal damages without proof of actual injury...." *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252

(1978); *see also Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir.1990). WATCHORN even cites an Eighth Circuit Court of Appeals decision that approved the trial judge's use of additur to award nominal damages, thereby clarifying the legal consequences of the verdict. *Hicks v. Brown Group, Inc.*, 902 F.2d 630, 653 (8th Cir. 1990). A year later, however, the same court, reviewing a jury finding that a defendant doctor ignored a plaintiff inmate's medical needs, wrote:

> We agree that the law would entitle [plaintiff] to nominal damages from [defendant].... That does not end our inquiry, however, for the instructions proffered by [plaintiff] and read to the jury without objection stated only that
>
>> [i]f you find that the plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the plaintiff has sustained substantial (actual) damages, then you *may* return a verdict for the plaintiff in some nominal sum such as one dollar (on account of actual damages).

Jury Instruction No. 14, *reprinted in* Appellant's Brief at 9–10 (emphasis added). On the verdict form sheet submitted to the jury, a space was included for an award of actual damages, but no provision was made for a nominal damages award.

"[A]ny error in instructions not properly objected to is waived unless it is plain error that resulted in a miscarriage of justice." Here, the jury instruction on nominal damages not only was not objected to, but also was proffered to the trial judge by [plaintiff]. Moreover, the effect of the incorrect instruction is only that it left the jury with discretion to decline to award [plaintiff] nominal damages. Clearly, the erroneous instruction has not resulted in a miscarriage of justice and does not constitute plain error.

---

**2.** In addition, WATCHORN did not suggest, in her proposed verdict form (DE 28) or during the charge conference, that, if the jury answered "yes" to the question of no probable cause, it should skip over the question of excessive force.

**3.** "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in it discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

We therefore affirm the trial court's denial of [plaintiff's] motion to amend the judgment to include nominal damages.

. . . .

Although, as explained earlier in this opinion, [plaintiff] would have obtained nominal damages under a proper instruction, the erroneous instruction given to the jury is the very instruction proffered by [plaintiff], and when the trial judge read this instruction to the jury, no objection was voiced. [Plaintiff] and his counsel thus have no one to blame but themselves for the jury's decision not to award nominal damages. . . .

*Warren v. Fanning,* 950 F.2d 1370, 1374–75 (8th Cir.1991);[4] *but see Floyd v. Laws,* 929 F.2d 1390, 1401 (9th Cir.1991) (declining to apply invited error doctrine to final judgment based on erroneous nominal damage instruction).[5]

The instant case mirrors *Warren.* WATCHORN requested an almost identical instruction on nominal damages (DE 23 at 16), which was read by the Court without objection (DE 37 at 19).[6] Moreover, WATCHORN proposed (DE 28 at 2), and the Court used without objection (DE 38 at 3), a verdict form containing a line for actual damages, but no separate provision for nominal damages. WATCHORN and her counsel have no one to blame but themselves for the zero dollar verdict.[7]

### 3. Plaintiff's Motion for an Award of Attorney's Fees (DE 46)

■ In three recent cases, the United States Supreme Court has articulated standards for determining whether a party has prevailed for purposes of recovering attorney's fees under Section 1988(b). In *Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), an inmate sued prison officials for violating his due process rights during a prison disciplinary action. The officials raised the defense of qualified immunity. Although the inmate was ultimately granted summary judgment on his due process claim, the district court subsequently granted the defendants summary judgment on the immunity defense.

The Supreme Court held that the inmate was not a prevailing party:

Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail. [Plaintiff] obtained no relief. Because of the defendants' official immunity he received no damages award. No injunction or declaratory judgment was entered in his favor. Nor did [plaintiff] obtain relief without benefit of a formal judgment—for example, through a consent decree or settlement.

---

**4.** After relying on one Eighth Circuit decision, WATCHORN ironically, though somewhat predictably, criticizes *Warren* as a "non-binding out-of-circuit case." (DE 65 at 2).

**5.** In *Warren,* the court entered judgment for the plaintiff. *See* 950 F.2d at 1373 (plaintiff filed motion to amend judgment, defendant filed motion for judgment notwithstanding the verdict). In *Floyd,* by contrast, the trial court entered judgment for the defendant, a fact to which the appellate court pointed in ignoring the invited error doctrine. 929 F.2d at 1401. The undersigned adopts the approach of *Warren;* upon the finding of liability, judgment should technically be entered for WATCHORN, albeit for zero dollars.

**6.** WATCHORN writes that "Plaintiffs' requested jury instructions, as well as those given by the Court, were based on the damage instructions found in Pattern Jury Instructions (11th Cir. 1990). *Those jury instructions* do not mention nominal damages. But for the *Warren* plain-tiff's having asked for, and obtaining[,] such an instruction, the *Warren* court stated that it agreed that 'the law would entitle Warren to nominal damages. . . .'" (DE 65 at 2) (emphasis added). In this context, it appears that "those jury instructions" refers to "Plaintiffs' requested jury instructions, as well as those given by the Court." The suggestion that those jury instructions did not mention nominal damages is false, as a review of the record (DE 23 at 16; DE 37 at 19) clearly establishes.

**7.** Query whether WATCHORN intentionally avoided highlighting the nominal damage alternative for fear of jeopardizing her substantial compensatory and punitive damage claims by offering the jury a "Solomonic solution." *See Romberg v. Nichols,* 953 F.2d 1152, 1160 (9th Cir.1992); *see also Walker v. Anderson Elec. Connectors,* 944 F.2d 841, 845 n. 9 (11th Cir. 1991).

. . . .

In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of some action) by the defendant that the judgment produces—the payment of damages, or some specific performance, or the termination of some conduct. Redress is sought *through* the court, but *from* the defendant.... The real value of the judicial pronouncement—what makes it a proper resolution of a "case or controversy" rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff....* As a consequence of the present lawsuit, [plaintiff] obtained nothing from the defendants. **The only "relief" he received was the moral satisfaction of knowing that a federal court concluded that his rights had been violated.** The same moral satisfaction presumably results from any favorable statement of the law in an otherwise unfavorable opinion.

482 U.S. at 760–62, 107 S.Ct. at 2675–76 (citation omitted) (emphasis in original) (bold added).

In *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988), two inmates brought a Section 1983 action challenging prison officials' refusal to permit them to subscribe to a magazine. The district court eventually ruled that the officials had indeed violated the inmates' procedural and substantive rights. In the interim, however, one inmate had died and the other had been released, thereby mooting the claims. The Court of Appeals affirmed a fee award to the inmates, likening the mooted ruling to a declaratory judgment under which "relief" was granted. The Supreme Court, relying upon *Hewitt*, reversed:

A declaratory judgment ... is no different from any other judgment. It will constitute relief, for the purposes of § 1988, if, and only if, it affects the behavior of the defendant towards the plaintiff. In this case, there was no such result. The lawsuit was not brought as

a class action, but by two plaintiffs. A modification of prison policies on magazine subscriptions could not in any way have benefitted either plaintiff.... The case was moot before judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever. In the absence of relief, a party cannot meet the threshold requirement of § 1988 that he prevail, and in consequence he is not entitled to an award of attorney's fees.

488 U.S. at 4, 109 S.Ct. at 203–04.

Finally, in *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), state and local teachers associations and several of their members and employees sued under Section 1983, alleging that school policies regarding teacher communications violated the First and Fourteenth Amendments. Following the plaintiffs' limited success, the focus shifted to attorney's fees. The Supreme Court quoted *Hewitt's* requirement that "a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail," then wrote:

Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988 the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. Beyond this absolute limitation, a technical victory may be so insignificant, and may be so near the situations addressed in *Hewitt* and *Rhodes,* as to be insufficient to support prevailing party status. For example, in the context of this litigation, the District Court found that the requirement that non-school hour meetings be conducted only with prior approval from the local school principal was unconstitutionally vague. The District Court characterized this issue as "of minor significance" and noted that there was "no evidence that the plaintiffs were ever refused permission to use school premises during non-school hours." If this had been [plaintiffs'] only success in the litigation, we think it clear that this alone would not have rendered them "prevailing parties" within the meaning of

§ 1988. Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified in concluding that even the "generous formulation" we adopt today has not been satisfied. The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.

489 U.S. at 792, 109 S.Ct. at 1493.

"Thus, after *Hewitt, Rhodes,* and *Garland,* to qualify as a prevailing party, a plaintiff must show that he won at least some relief from the defendant, that the outcome of the suit changed the legal relationship between the parties, *and* that the plaintiff's success was not a *de minimis* or technical victory." *Estate of Farrar v. Cain,* 941 F.2d 1311, 1315 (5th Cir.1991) (emphasis added).

The Supreme Court has not specifically considered the significance of a zero or one dollar verdict under Section 1988(b). But *Hewitt* recognized that "the moral satisfaction of knowing that a federal court concluded that [a plaintiff's] rights had been violated" is not enough. 482 U.S. at 762, 107 S.Ct. at 2676. Moreover, *Garland* pointed to a determination that a school meeting requirement was unconstitutionally vague as an example of a minor victory that would not justify fees. 489 U.S. at 792, 109 S.Ct. at 1493. Thus, it appears that the finding of a constitutional violation does not necessarily resolve the prevailing party question.

Nonetheless, a number of courts, applying the recent Supreme Court precedent, have held that, because vindication of a constitutional right changes the legal relationship between the parties, a liability determination alone is a meaningful victory. *E.g., Romberg v. Nichols,* 953 F.2d 1152, 1158–59 (9th Cir.1992); *Ruggerio v. Krzeminski,* 928 F.2d 558, 564–65 (2d Cir.1991). Others, however, have found zero or nom-

inal damage awards, in the absence of any other relief, to be *de minimis. Estate of Farrar v. Cain,* 941 F.2d 1311, 1317 (5th Cir.1991); *Denny v. Hilton,* 131 F.R.D. 659, 662–63 (M.D.N.C.1990), *aff'd mem.,* 937 F.2d 602 & 603 (4th Cir.1991); *Warren v. Fanning,* 950 F.2d 1370, 1374–75 (8th Cir.1991).[8]

The Eleventh Circuit, in pre-*Garland* cases, held that a plaintiff who recovers nominal damages is a prevailing party. *Huddleston v. Roger Dean Chevrolet, Inc.,* 845 F.2d 900, 905 (11th Cir.1988); *Garner v. Wal–Mart Stores, Inc.,* 807 F.2d 1536, 1539 (11th Cir.1987); *Henson v. City of Dundee,* 682 F.2d 897, 905 (11th Cir.1982). But its only post-*Garland* case on point affirmed, without opinion, a district court ruling that a $100.00 damage award is *de minimis. Carr v. City of Florence,* 729 F.Supp. 783, 791 (N.D.Ala.1990), *aff'd mem.,* 934 F.2d 1264 (11th Cir.1991). The undersigned agrees that zero damages, or nominal damages awarded by operation of law and against the jury's wishes, represent a purely technical success.

In short, WATCHORN asked only for money damages; she did not seek a declaratory judgment or injunctive relief. Thus, in obtaining no damages, she "won" nothing, gaining at most a Phyrric victory, and is not entitled to attorneys' fees. *Warren,* 950 F.2d at 1375 (citing *Garland,* 489 U.S. at 792, 109 S.Ct. at 1493). Moreover, under the Supreme Court precedent, the recovery of a single dollar would not change the nature of this "victory."

#### 4. DAVIE's Motion for Attorneys' Fees (DE 55)

■ DAVIE argues that, because no evidence of custom or practice was introduced to support municipal liability under Section 1983, and the claim was voluntarily dismissed by Plaintiffs, they are entitled to fees under Section 1988 for defending a frivolous action. *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1188 (11th

---

**8.** *Warren* suggests that nominal damages would justify fees, but zero damages would not. 950 F.2d at 1375. No other case rests its decision on this one dollar difference. Rather, the courts either focus on the finding of liability or on the

lack of significant money damages. The undersigned does not believe that the award of nominal damages should have any effect upon the prevailing party analysis.

Cir.1985).[9]  Although DAVIE was not pursued at trial, the Court cannot say that the claim against it, which was related to the due process and excessive force claims, was brought in bad faith.  *Popham v. City of Kennesaw,* 820 F.2d 1570, 1583 (11th Cir.1987).

5.  Verified Motion to Tax Costs (DE 57)

██  Defendants seek a joint award of costs pursuant to Federal Rule of Civil Procedure 54(d), which grants trial judges broad discretion to allow or disallow all costs or only particular items.  10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2668 (2d ed. 1983).  Due to the slight, though *de minimis,* success of WATCHORN against SMITH, the lack of any documentation supporting the requested sums, and Defendants' failure to allocate costs among claims or parties, the undersigned elects to award no costs.

6.  Motions for Extension of Time
(DE 40–43, 50, 53, 61–64)

All pending motions for extension or enlargement of time will be granted *nunc pro tunc.*

### Conclusion

It is hereby ORDERED and ADJUDGED that

1.  Plaintiffs' Motion for New Trial (DE 45) is DENIED.

2.  Plaintiff's Motion for Entry of Judgment (DE 44) and Defendants' Motion for Entry of Judgment (DE 54) are GRANTED in part and DENIED in part.  The Clerk of the Court shall enter a Final Judgment in accordance with this Order.  Specifically, the Clerk shall enter judgment in favor of WATCHORN and against SMITH, but award no damages, and shall not reserve jurisdiction to award fees or costs.

3.  Plaintiff's Motion for an Award of Attorney's Fees (DE 46) is DENIED.

4.  DAVIE's Motion for Attorneys' Fees (DE 55) is DENIED.

5.  The Verified Motion to Tax Costs (DE 57) is DENIED.

6.  All pending motions for extension or enlargement of time (DE 40–43, 50, 53, 61–64) are GRANTED *nunc pro tunc.*

DONE and ORDERED.

---

**9.**  As Plaintiffs note (DE 66 at 3–4), the directed verdict entered on the state law negligence claim does not entitle DAVIE to Section 1988 fees.