[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2001
THOMAS K. KAHN
CLERK

No. 00-10520

D. C. Docket No. 96-02096 CV-DMM

GEORGE B. OLIVER,

Plaintiff-Appellant,

versus

R. FALLA, Correctional Officer,
JOHN DOE, Correctional Officer,
in their individual and official capacity, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(July 27, 2001)**

Before TJOFLAT, and DUBINA, Circuit Judges, and SHAPIRO*, District Judge.

DUBINA, Circuit Judge:

Appellant George B. Oliver ("Oliver") commenced a 42 U.S.C. § 1983 lawsuit against Miami-Dade County and Corrections Officers Renzo Falla ("Falla"), Roger Rauno ("Rauno") and Karim Muhammed ("Muhammed") following an altercation with these officers while Oliver was in the temporary custody of the Dade County Jail. Oliver based his relief upon state law claims for assault and battery and the Eighth Amendment because of the officers' alleged use of excessive force against him. At the close of the trial, the defendants made a joint motion for directed verdict. The district court entered a directed verdict in favor of Miami-Dade County and Muhammed. The district court denied the motion as to Falla and Rauno. The jury returned a verdict in the officers' favor, except that it found that Falla used excessive or unreasonable force against Oliver in violation of the Eighth Amendment. The jury did not award Oliver compensatory or punitive damages. Oliver filed a motion for entry of judgment awarding nominal damages and a motion for new trial. The district

_____

*Honorable Norma L. Shapiro, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

court denied his motions and Oliver timely appealed.[1]  For the reasons that follow,

we affirm.

## BACKGROUND

Oliver testified at trial that while he was an inmate in the temporary custody

of the Dade County Jail, he overheard Falla call another inmate "stupid" or

something derogatory.  Oliver said to his cell mate, Rocco Napolitano, that Falla

"didn't have to do that . . . [t]hat man ain't going to do nothing to him."  [R. Vol. 6,

p. 360].  Falla overheard Oliver's comment and approached the cell and asked

Oliver what he said.  Oliver responded, "You didn't have to do that to the man.

You didn't have to call him stupid."  [*Id.*].  Falla informed Oliver to stay out of his

business.  Oliver replied that "Well, you put your business on Front Street when

you do it in the open like that."  [*Id.*].

According to Oliver, Falla then opened the cell door with his keys,

approached him and put his forehead against Oliver's forehead.  Falla told Oliver

to stay out of his business, and Oliver told Falla that if he touched him again,

Oliver would see Falla in court.  Falla grabbed Oliver by the throat, slammed him

---

[1]Oliver does not appeal the district court's order granting a directed verdict for Miami-Dade County and Muhammed.

against a wall, and then threw him to the ground. Falla grabbed the back of Oliver's collar and "ran" him toward another wall. [*Id.* At 361]. After Oliver slumped to the floor, Falla pressed his knee against the small of Oliver's back and pressed his hand hard between Oliver's left ear and jawbone with the intention of causing pain. Another officer joined in the attack which continued for several minutes. Eventually, another officer approached and stopped the attack.

Oliver testified that he suffered a cut to his left knee, and he suffered neck and back pain. He also testified that he broke his glasses during the incident. Oliver, however, did not present any evidence of visible injuries, medical expenses, or medical testimony confirming his injuries.

In contrast to Oliver's testimony, Falla and other officers disputed Oliver's version of what took place. Falla specifically denied beating Oliver, hitting him in the head, slamming his head against the wall, and throwing him across the room. [R. Vol. 5, p. 182-83]. Officer Karim Abdul Mohammed testified that he was on duty on the day of the alleged incident, and he had no knowledge of anything occurring that day. [*Id.* at p. 205, 231]. Rauno also testified that he was on duty on the day of the alleged incident, and he had no recollection of anything happening between Falla and Oliver. [*Id.* at 241]. Additionally, authorities took photographs of Oliver shortly after the alleged assault and these photographs showed no

4

discernible injury. Thus, there was evidence before the jury indicating that Oliver's claims of injury were overstated.

Oliver did not request a nominal damages instruction or any interrogatory verdict directed to nominal damages. The jury found in favor of the officers except on Oliver's Eighth Amendment claim. The jury found that Falla used excessive or unreasonable force during the altercation and violated Oliver's constitutional rights; however, the jury did not award Oliver any damages.

## ISSUE

Whether the district court erred in failing to grant Oliver nominal damages based upon the jury's finding that Falla used excessive force against Oliver.[2]

## DISCUSSION

---

[2] Oliver also argues on appeal that the district court erred in failing to grant his motion for new trial because the jury did not award him compensatory and punitive damages. After reviewing the record, we conclude that the district court did not abuse its discretion in denying the motion for new trial. Oliver was the only witness to testify regarding his injuries. Oliver failed to produce any medical testimony or records to corroborate his injuries. The jury heard Oliver's testimony and the officers' testimony and concluded that Oliver did not suffer a compensable injury. The evidence was sufficient to support such a finding. Likewise, the evidence was sufficient to support the jury's decision not to award punitive damages. A reasonable jury could conclude from the evidence that Falla's conduct was not malicious. The district court properly did not invade the jury's province on this issue.

5

Oliver avers that *Carey v. Piphus*, 435 U.S. 247 (1978), mandates a judgment of nominal damages because the jury found that Officer Falla used excessive force against him in violation of the Eighth Amendment, although Oliver failed to prove actual injury. Oliver relies on *Carey*'s holding that a 42 U.S.C. § 1983 plaintiff is entitled to nominal damages for the deprivation of procedural due process even in the absence of actual injury. In *Carey* the Supreme Court concluded that because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of the plaintiff's assertions, nominal damages should be awarded for the deprivation of a procedural due process right, even in the absence of an actual injury. *Id.* at 266. The Court noted that the "elements and prerequisites for recovery of damages appropriate to compensate injuries caused by the deprivation of one constitutional right are not necessarily appropriate to compensate injuries caused by the deprivation of another." *Id.* at 264-65. Thus, "these issues must be considered with reference to the nature of the interest protected by the particular constitutional right in question." *Id.* at 265.

Oliver's reliance on *Carey* is misplaced for several reasons. First, *Carey* is a Fourteenth Amendment procedural due process case; Oliver alleges an Eighth Amendment violation. Second, the posture of *Carey* does not present any issue related to the failure to request or object to jury instructions or any Seventh

6

Amendment impediment to additur. The record in this case demonstrates that Oliver did not request a nominal damages instruction nor did he object to the absence of a nominal damages instruction. Third, *Carey* does not involve a jury verdict. Here, a jury found in favor of the defendants, except on Oliver's excessive force claim against Falla. These distinctions are fatal to Oliver's argument. Thus, contrary to Oliver's assertion, under the facts of this case, *Carey* does not mandate an award of nominal damages.[3]

Our circuit has not addressed the issue of nominal damages in the Eighth Amendment excessive force context.[4] More specifically, our circuit has not addressed the propriety of nominal damages in an Eighth Amendment excessive force case where the plaintiff waived a request for nominal damages. We do find guidance, however, in one of our precedents.

In *Walker v. Anderson Elec. Connectors*, 944 F.2d 841 (11th Cir. 1991), plaintiff's counsel did not request a nominal damages instruction nor did he object

---

[3] The other cases Oliver cites do not support his assertion either. None of the cases discuss waiver of nominal damages and none, with the exception of *Gibeau v. Nellis*, 18 F.3d 107 (2d Cir. 1994), involves an Eighth Amendment excessive force claim.

[4] *Cf. Slicker v. Jackson*, 215 F.3d 1225, 1231-32 (11th Cir. 2000) (holding in § 1983 excessive force case that district court erred in granting judgment for defendant as a matter of law on plaintiff's § 1983 claim alleging violations of the Fourth, Fifth, and Fourteenth Amendments because "a § 1983 plaintiff alleging excessive use of force is entitled to nominal damages even if he fails to present evidence of compensable injury.").

to the court's failure to give such a charge. In *Walker*, which was a Title VII case, plaintiff's counsel made a strategic decision not to request nominal damages. We held that "Fed.R.Civ.P. 51, which states that '[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection,' precludes Walker, at this late date, from objecting to the fact that no jury instruction on nominal damages was given at trial." *Id.* at 845. This court also noted that "[t]he federal court's long standing policy against additur, as an intrusion on the jury's domain and violation of the Seventh Amendment, also stands in the way of Walker's request for one dollar in nominal damages where the jury awarded none." *Id.* Although the plaintiff relied on *Carey* to support her position, this court declined to apply the rationale of *Carey* to "purely statutory rights under Title VII." *Id.* We did not specifically address whether the plaintiff had waived her right to nominal damages, but we did imply that a plaintiff could waive nominal damages by failing to request a charge on nominal damages and by failing to object to the lack of such a charge.

Several other courts, in a variety of cases, have held that a plaintiff may waive nominal damages. *See Piaubert v. MacIntosh*, No. 99-56820 (9th Cir. 2001) (unpublished opinion) (holding that in a case against plaintiff's attorneys alleging

8

breach of duty, the plaintiff was not entitled to nominal damages because: plaintiff did not argue nominal damages until after the jury returned its verdict; the plaintiff did not raise issue to the jury; the plaintiff did not request a jury instruction on nominal damages; and the plaintiff did not request or obtain any interrogatories in the special verdict form to address either measure of damages); *Salazaar v. Encinias*, No. 99-2248 (10th Cir. 2000) (unpublished opinion) (holding in a 42 U.S.C. § 1983 case alleging a Fourth Amendment excessive force claim that the district court erred in amending the judgment to award nominal damages because plaintiff waived any right to nominal damages); *Alexander v. Riga*, 208 F.3d 419, 429 (3rd Cir. 2000) (noting that in a racial discrimination suit, that the entitlement to nominal damages is not automatic), *cert. denied*, 121 S.Ct. 757 (2001); *Campos-Orrego v. Rivera*, 175 F.3d 89, 98 (1st Cir. 1999) (noting in a due process and retaliation case that "it is incumbent upon the plaintiff to make a timely request for nominal damages"); *Cooper Distributing Co. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 281-84 (3rd Cir. 1995) (holding in tort case that plaintiff was not entitled to nominal damages because plaintiff did not request such an instruction, either by choice or inadvertence, and thus, the plaintiff should bear the consequences); *Warren v. Fanning*, 950 F.2d 1370, 1374 (8th Cir. 1991) (holding in 42 U.S.C. § 1983 case alleging Eighth Amendment deliberate indifference that plaintiff was not

9

entitled to nominal damages because he did not object to the erroneous nominal damages instruction that he proffered to the court); *Sims v. Mulcahy*, 902 F.2d 524, 534 (7th Cir. 1990) (holding in racial discrimination and Fourth Amendment case that because Sims failed to advance any objection to the jury instructions or special verdict with the required specificity, she waived her claim concerning the question of whether the jury was legally required to award nominal damages); *see also Watchorn v. Town of Davie*, 795 F.Supp. 1112, 1115 (S.D. Fla. 1997) (holding that plaintiff waived a right to nominal damages in a 42 U.S.C. § 1983 excessive force case by failing to request a separate line on the verdict form for nominal damages).

We find these cases persuasive and conclude that the request for nominal damages is not automatic in an Eighth Amendment excessive force case. The plaintiff must seek such damages, and if he fails to do so, he waives any entitlement to such damages. That is the case here. Oliver did not request a nominal damages jury instruction. In fact, Falla's attorney stated during oral argument that Oliver's counsel vehemently opposed a nominal damages instruction. Moreover, Oliver did not object when the district court failed to give a nominal damages instruction. Accordingly, we conclude Oliver unequivocally waived his right to nominal damages.

10

Furthermore, we question whether nominal damages are appropriate in an Eighth Amendment case, even if sought. This is so because in an Eighth Amendment case, the plaintiff must show actual injury, whether it is compensable or not. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'") (citations omitted). In light of Oliver's unequivocal waiver of nominal damages, however, we need not pass on this question.

**CONCLUSION**

The right to nominal damages is not automatic in an Eighth Amendment excessive force case. A plaintiff can waive this right by failing to request nominal damages in his jury instructions, and by failing to object to the absence of a jury instruction on nominal damages. The facts of this case demonstrate that Oliver clearly waived any request for nominal damages. Oliver's counsel made a strategic decision to seek compensatory and punitive damages only, probably thinking that the jury would award nominal damages only if Oliver requested them. Consequently, Oliver and his counsel waived the right to nominal damages at their

11

own peril.  For the foregoing reasons, we affirm the district court's judgment

entered on the jury's verdict.

**AFFIRMED.**