Lana E. GARNER, Plaintiff-Appellee,
Cross-Appellant,

v.

WAL–MART STORES, INC.,
Defendant-Appellant,
Cross-Appellee.

No. 85–7689.

United States Court of Appeals,
Eleventh Circuit.

Jan. 8, 1987.

Barry V. Frederick, Charles A. Powell, III, Birmingham, Ala., for defendant-appellant, cross-appellee.

John T. Robertson, IV, Henslee and Bradley, Gadsden, Ala., for plaintiff-appellee, cross-appellant.

Before HILL and HATCHETT, Circuit Judges, and THOMAS *, Senior District Judge.

Daniel Holcombe THOMAS, Senior District Judge:

This action arose under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et. seq.* The plaintiff, Lana E. Garner (Garner), originally brought this action claiming that her former employer, the defendant, Wal-Mart Stores, Inc. (Wal-Mart), violated the sex discrimination provisions of Title VII: (1) by demoting her after a maternity leave, and (2) by intentionally making her working conditions so intolerable that she was forced to resign. The District Court on September 26, 1985, ruled that the plaintiff had been sexually discriminated against, but that she had not been constructively discharged. The District Judge awarded the plaintiff nominal damages of one dollar and taxed costs against the defendant.

On October 25, 1985, the defendant, Wal-Mart, timely filed its notice of this appeal. The defendant's major contentions on appeal are, (1) that the District Court erred in finding the plaintiff was sexually discriminated against, and alternatively, (2) the plaintiff should not have been awarded attorney's fees since she only partially prevailed. The plaintiff, Garner, timely filed her notice of cross-appeal on November 8, 1985. The plaintiff contends on appeal, (1) the District Court was correct in awarding her attorney's fees since she was the "prevailing party" and (2) the District Court erred in finding that she was not constructively discharged.

The district court made the following finding of fact. Garner made out a prima facie case of sex discrimination by showing that while on an approved maternity leave of absence she was replaced as a department manager by a male, and that when she returned she received a dissimilar and lesser position contrary to the clear implica-

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

tion contained in the language of the Wal-Mart employee handbook to the effect that an employee granted a leave of absence can expect to return to his place of employment "in a similar capacity".

██ Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), analysis in disparate treatment cases such as this, the plaintiff in order to establish a prima facie case must show that, (1) she was a member of a protected class, (2) that she was qualified for the position held, and, (3) that she was replaced by a person outside the protected class. It appears to us from the record, the district court had ample grounds to find that Garner had sustained her burden of proving a prima facie case of sexual discrimination under Section 701(k) of Title VII.

██ This appellate court can only reverse the district court's finding of sexual discrimination if it is found to be clearly erroneous. *Pullman Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982).

The following facts which were found by the district court after a trial of the merits on this matter support the district court's finding of sexual discrimination. Prior to her approved leave Garner had been the manager of the household department of the Wal-Mart Store in Attalla. Upon her return she was given an assignment as a "floater", a job which carried less authority and involved working from time to time in various departments, including the department where the male who had replaced her was her superior. Before her leave began on June 17, 1983, the then store manager had committed Garner's department manager's job to Garner's male replacement, and there was no intention thereafter by Wal-Mart's management to hold that position open or to assure Garner a similar position after her leave, as contemplated both by the Wal-Mart employee handbook and by § 701(k) of Title VII, which expressly defines sex discrimination to include pregnancy discrimination. There was evidence in the record that Wal-Mart did, in fact, hold a male manager's position open while he was away on sick leave until he later died.

██ Wal-Mart succeeded in articulating a legitimate non-discriminatory reason for promoting the male to department manager during Garner's absence, namely, that the male was doing a good job and was heavily involved in the department planning for the upcoming Christmas Season. However, Wal-Mart failed to rebut the fact that Garner had already worked two prior Christmas Seasons in the department, while her male replacement was inexperienced and had not worked any prior Christmas Season in the department. Wal-Mart attempted to articulate a legitimate non-discriminatory reason for failing to assign Garner to a substantially similar position upon her return from maternity leave. This attempt was based on the assertion that no other position was open as a department manager when Garner returned, but this Court finds as the District Court found, that this "reason" was pretextual and that Wal-Mart could have given Garner a position as a department manager upon her return, or at the very least, Wal-Mart could have assured Garner of the next opening as a department manager. If Garner's leave had been for a reason other than pregnancy, the Court would not find discrimination motivated by sex, but because Garner's leave was occasioned by her pregnancy, sex is automatically implicated in what became for her, in effect, a demotion. Thus, the Court finds as the District Court found, that on September 12, 1983, a technical act of sex discrimination occurred when Wal-Mart failed to give Garner a position substantially similar to the position which she had occupied on June 17, 1983.

For the reasons previously cited we find the District Court's judgment of sexual discrimination to be supported by the record and therefore *not* clearly erroneous. The District Court's finding of sexual discrimination is AFFIRMED.

██ The harder question, a mixed question of law and fact, is whether Wal-Mart constructively discharged Garner on September 12, 1983, after one full day back at

work. The burden of proof was on Garner as to the constructive discharge allegation and we agree with the district court that the facts and the record do not support such a finding. It is understandable that Garner was upset at her job assignment as a "floater" on September 12, 1983. However, after only one day Garner did not realistically give Wal-Mart a chance to work her in as department manager in another department or to reassign her to her old department manager position, given the fact they could not just fire her replacement. Wal-Mart would have had to find Garner's replacement another position. But during the evening after one day back on the job in the new position, Garner called the Assistant Store Manager at home and told him she was quitting. He tried to dissuade her, but was unsuccessful. Her major complaint was that she had to work under the young man she had trained, and she found this to be embarrassing and frustrating. She also claims that she was given no assurance of being a "full-time" employee, but the Court finds as a fact that there was no reason whatsoever for her to reach the conclusion that she was to be only a part-time employee. If she formed such an opinion, her opinion was totally unwarranted, because store manager had promised her at least 28 hours per week or more, a promise made for the express purpose of assuring her all of the benefits of being a "full-time" employee.

We agree that while "hurt feelings" can form part of a constructive discharge scenario, it is not reasonable for an employee to resign after one day's disappointment given the circumstances which were present in this case. There was no rational reason for Garner to assume that she would be permanently relegated to the job of "floater" or would forever be denied promotion to a department manager's position. "To find constructive discharge we believe that the trier of fact must be satisfied that the ... working conditions would have been so difficult or unpleasant that a *reasonable* person in the employee's shoes would have felt compelled to resign." *Bourque v. Powell Electrical Manufacturing*

*Co.*, 617 F.2d 61, 65 (5th Cir.1980) citing *Alicia Rosado v. Garcia Santiago*, 562 F.2d 114, 119 (1st Cir.1977). The Eleventh Circuit Court of Appeals has quoted these cases and this standard of reasonable conduct with approval in *Buckley v. Hospital Corp. of America*, 758 F.2d 1525 (11th Cir.1985). Part of an employee's obligation to be *reasonable* is an obligation not to assume the worst, and not to jump to conclusions too fast. It would have been reasonable under the circumstances for Garner to complain of the situation to the store manager when he returned, and if a position similar to the one which Garner had occupied on June 17, 1983, had not been made available by Wal-Mart within a reasonable period of time thereafter, to file an EEOC complaint for a discriminatory demotion. It was not, however, reasonable simply to quit after one day when there was absolutely no evidence of sexual harassment, or, for that matter, of any other kind of harassment.

Garner actually suffered no lost wages or benefits during her one day back on the job before she quit. Her hourly rate of pay was the same as it had been before her leave of absence, and she worked a full day on September 12, 1983.

For the reasons discussed this Court AFFIRMS the District Court's finding that the plaintiff was *not* constructively discharged.

Garner lost no back wages or benefits as a result of her one-day demotion, however, Garner is entitled to nominal damages in recognition of her success on the sexual discrimination issue in this case. *Brito v. Zia Company*, 478 F.2d 1200 (10th Cir.1973). Therefore, since Garner is the "prevailing party" on this issue of sexual discrimination she is entitled to an award of attorney's fees on this issue. However, since Garner did not prevail on the constructive discharge aspect, she is not entitled to attorney's fees for the time they spent on the constructive discharge issue. Under the Civil Rights Attorney's Fees Award Act of 1976 (42 U.S.C.S. § 1988), the district courts are authorized to award reasonable attorney's fees to "prevailing parties" in civil rights litigation, unless special

circumstances would render such an award unjust. In this case, it would not be unjust to award Garner attorney's fees on the sexual discrimination issue. After it has been determined that the plaintiff is the "prevailing party", the district court must still make a determination as to what fee is the "reasonable" fee to be awarded under 42 U.S.C.S. § 1988. The product of reasonable hours times a reasonable rate may be the starting point of the considerations as to the reasonable fee, but the court may also take into account other considerations, such as "results obtained", and may adjust the fee award accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Accordingly, this Court AFFIRMS the District Court's ruling on both the sexual discrimination issue and the constructive discharge issue and REMANDS this case to the District Court on the issue of attorney's fees.