Doyle E. FLANAGAN

v.

McKESSON CORPORATION d/b/a McKesson Wine & Spirits.

Civ. No. 1:86–cv–2730–ODE.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 29, 1988.

William H. Lawson, Lawson & Davis, Atlanta, Ga., for plaintiff.

W. Lyman Dillon, James E. Moye, Hansell & Post, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This action alleging age discrimination in employment and violation of the Employee Retirement Income Security Act (ERISA), as well as other state law claims, is before the court on Defendant's motion for summary judgment.

This claim arose when Defendant McKesson Corporation, d/b/a McKesson's Wine & Spirits (McKesson), demoted Plaintiff Doyle Flanagan, who was then sixty-one years old. Rather than accept the reassignment, Plaintiff submitted a letter of resignation asking for early retirement. Plaintiff alleges violations of federal and state age discrimination in employment laws (Counts I and II respectively), intentional infliction of emotional distress (Count IV), and he seeks an unspecified amount of pension benefits under ERISA (Count V).[1] Plaintiff seeks reinstatement, past and future lost wages and employment benefits, and money damages.

Plaintiff worked for McKesson from 1967 through April 1, 1985. The last position he held was as field sales manager of the Atlanta office. This job paid over $35,-000 per year and included a company car

---

1. The court previously granted partial summary judgment to Defendant on Plaintiff's wrongful discharge claim (Count III).

for personal and business use, with insurance and reimbursement for gas. During a December 26, 1984 meeting with his supervisor, Richard Jenkins, Plaintiff was demoted to field sales representative. Salary for this position apparently was based on commissions and did not include a company car. Plaintiff submitted a letter of resignation requesting early retirement on April 1, 1985, without starting the job as a sales representative. Since then Plaintiff has remained unemployed. The field sales manager who replaced Plaintiff was approximately forty-two in 1985.

Defendant McKesson moves for summary judgment on all remaining counts. It maintains that Plaintiff was not terminated, but resigned voluntarily. The alleged reasons for Plaintiff's demotion include a failure to implement a Value Added Distribution program, to meet the minimum standards set out in the company's manual and to understand the Techniques in Professional Selling (TIPS) program. Defendant contends that Plaintiff was informed of the reasons for his reassignment during the December 26 meeting with Richard Jenkins, who also allegedly assured Plaintiff that he would suffer no loss of income from the reassignment.

Plaintiff claims that during the meeting Richard Jenkins asked him when he planned to retire and then told Plaintiff that the regional office was pressuring him about Plaintiff. According to Plaintiff, Jenkins informed him that he could accept the demotion to a sales job at an unspecified salary or he would be terminated. However, Plaintiff also admits that Jenkins indicated there would be no pay cut associated with the reassignment. Plaintiff maintains that he received no prior warning his performance was unsatisfactory and no explanation of the reason for the demotion. As proof of his satisfactory performance, he claims that during his tenure with Defendant he obtained 35 of 36 quarterly bonuses available to him. Plaintiff testified in his deposition that aside from treatment for ulcers in the mid to late 1970's and for a fall in the late 1970's or early 1980's, he never received any job related medical or psychological treatment.

The Age Discrimination in Employment Act of 1967 (ADEA) makes "[i]t ... unlawful for an employer ... to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age ..." 29 U.S.C. § 623(a). In the absence of direct proof, a prima facie case of age discrimination must include a showing that the employee was within the protected age group (over thirty nine), was doing satisfactory work, was terminated without adequate explanation and replaced by a younger person. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Likewise, a Plaintiff can also make out a prima facie case with direct evidence of discriminatory intent. *Buckley v. Hospital Corporation of America,* 758 F.2d 1525, 1529 (11th Cir. 1985). Statistical proof of a pattern of discrimination may also be used to establish a prima facie case. *Id.*

■ The ADEA prohibits both actual and constructive discharge on account of an employee's age. *Frazer v. KFC National Management Company,* 491 F.Supp. 1099, 1105 (M.D.Ga.1980). Constructive discharge occurs when "working conditions [become] ... so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Bourque v. Powell Electrical Manufacturing Co.,* 617 F.2d 61, 65 (5th Cir.1980); *see Buckley v. Hospital Corp. of America,* 758 F.2d at 1530. The employee does not have to prove that the employer intended to force the resignation. *Frazer,* 491 F.Supp. at 1105.

Defendant maintains that it was unreasonable for Plaintiff to resign and therefore Plaintiff cannot make out a prima facie case of age discrimination. As authority for this proposition, defendant cites *Garner v. Wal–Mart Stores, Inc.,* 807 F.2d 1536 (11th Cir.1987). In that case a former department manager returning from maternity leave quit after working one day in the lesser position to which she had been reassigned. The court stated "that while

'hurt feelings' can form part of a constructive discharge scenario" it was not reasonable for the employee to resign after only one day under the circumstances in that case, where there was no evidence of harassment of any kind. In explaining its holding the court noted that "[p]art of an employee's obligation to be *reasonable* is an obligation not to assume the worst, and not to jump to conclusions too fast." *Id.*

In the instant case Plaintiff asserts that he found the demotion "humiliating" after spending years in a management position. However, as the holding in *Garner* makes clear, hurt feelings, without more, are insufficient as proof of constructive discharge. Plaintiff admits he was told that he would generate enough money in the territory to which he was reassigned to avoid a pay cut, yet he never even reported to his new position. Under these circumstances Plaintiff did not meet his obligation "not to assume the worst." *Id.* There is insufficient evidence to present a jury question as to whether a reasonable person would find these working conditions intolerable. Given that discharge also triggers the state age discrimination law and ERISA, the court's finding on this question supports summary judgment on Counts II and V.

 To sustain a cause of action for intentional infliction of emotional distress under Georgia law (Count IV), Plaintiff must show that "[D]efendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten" him. *Sossenko v. Michelin Tire Corporation,* 172 Ga.App. 771, 772, 324 S.E.2d 593 (1984). Georgia law generally requires some form of physical intimidation, to the point that the misdeed approaches ordinary assault. *Young v. Colonial Oil,* 451 F.Supp. 360, 361 (M.D.Ga.1978); *see American Finance & Loan Corporation v. Coots,* 105 Ga.App. 849, 125 S.E.2d 689 (1962) (defendant bill collector terrorized plaintiff and his family at gunpoint); *Stephens v. Waits,* 53 Ga. App. 44, 184 S.E. 781 (1936) (defendant physically intimidated plaintiffs as they attempted to bury family member).

At his deposition Plaintiff testified that no one at McKesson ever threatened him with physical injury of any type. He also admitted that no one had attempted to intimidate him, other than to the extent he felt intimidated by facing the choice of demotion or termination. In light of these statements, Defendant's behavior cannot reasonably be characterized as so terrifying or insulting as to be actionable.

Accordingly, the court GRANTS Defendant McKesson's motion for summary judgment on Counts I, II, IV and V. The Clerk is DIRECTED to enter judgment for Defendant.

SO ORDERED.