Lynn **ROSENBAUM**, Plaintiff,

v.

**SOUTHERN MANATEE FIRE
AND RESCUE DISTRICT,**
**et al., Defendants.**

No. 96–39–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 14, 1997.

Lisa J. Kleinberg, Law Office of Lisa J. Kleinberg, Sarasota, FL, for Plaintiff.

Jerry Alan Setchel, Law Office of J.A. Setchel, Tampa, FL, for Defendants.

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendants' Motion For Summary Judgment (Dkt.16) and Plaintiff's response (Dkt.26).

### FACTS

Plaintiff Lynn Rosenbaum, a female former employee of Defendants, brings this action against Defendants Southern Manatee Fire and Rescue District and Southern Manatee Fire and Rescue District Board of Fire Commissioners, alleging sex discrimination, sexual harassment and constructive discharge under Title VII of the Civil Rights Act of 1964, as amended.

On or about February 29, 1988, Defendants hired Plaintiff as a full-time Public Education Specialist (Complaint ¶ 9). Plaintiff was reassigned to a position of Fire Inspector by Defendants on February 15, 1995 after her position was eliminated (Complaint ¶ 11). Plaintiff contends her position was eliminated because Defendants believed "children like big uniforms with big men to fill them." (Complaint ¶ 10, and Harmon Aff. ¶ 4).

After being placed in her new position Plaintiff contends that her pay, seniority, and benefits were reduced (Complaint ¶ 11). The

reduction of pay is contested by the Defendants (Anderson Aff. ¶ 7). Additionally, Plaintiff claims she was harassed by being followed, questioned with regard to her use of sick leave, and asked to complete tasks outside her job assignment (Complaint ¶¶ 12–22). Plaintiff also claims she was subjected to additional performance evaluations beyond those that other employees received (Complaint ¶ 23). Defendants state that all actions complained of by Plaintiff were proper supervisory and accounting procedures (Anderson Aff. ¶¶ 9 and 10).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or about May 1, 1995, and received a right to sue letter on November 9, 1995 (Complaint ¶¶ 25 and 26). Plaintiff filed this timely complaint on January 8, 1996 (Dkt. No. 1).

### STANDARD OF REVIEW

A motion for summary judgment should only be entered where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *See Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Additionally, the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) held:

> In our view, the plain language of Rule 56(c) [Federal Rules of Civil Procedure] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial.

*See id.* at 322, 106 S.Ct. at 2552. The Court also stated, "Rule 56(e) therefore requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial." *See id.* at 324, 106 S.Ct. at 2553.

A dispute is genuine if the evidence is so favorable to the non-moving party's case that a jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The mere allegation that a factual dispute exists, without more, will do no service to the party seeking denial of a properly supported motion for summary judgment. *See id.* at 477 U.S. at 247–48, 106 S.Ct. at 2509–10.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants allege that Plaintiff cannot establish a prima facie case because she cannot prove intentional discrimination due to her sex. (Defendants' Motion at 12–14). However, even assuming that Plaintiff can establish a prima facie case, Defendants allege that there are issues of material fact present. Because Defendants offered legitimate non-discriminatory reasons for the actions in which Plaintiff complains, Defendants claim they are entitled to summary judgement.

Defendants allege that Plaintiff's position was eliminated for financial reasons (Anderson Aff. ¶¶ 3–7). Further, Defendants state that Plaintiff retained her higher salary in her new position (Anderson Aff. ¶ 7). Defendant states that the "off-hand comment" made at the Board of Commissioners Meeting cannot be construed to imply any type of sexual discrimination (Defendants' Motion at 9). Lastly, Defendants claim that checking up on Plaintiff's actions was part of normal employee supervision (Defendants' Motion at 15–16).

Defendants then point out that Plaintiff has made no allegations that establish a case of sexual harassment. Additionally, Defendants state that even if the actions complained of could establish a sexual harassment case, Plaintiff is barred because she failed to file the complaint with the EEOC (Defendants' Motion at 17–18).

Finally, Defendants claim that Plaintiff's allegations fail to establish a prima facie case for constructive discharge. Defendants rely heavily on the fact that Plaintiff had applied for employment elsewhere even prior to filing her EEOC complaint (Defendants' Motion at 20–21).

### PLAINTIFF'S RESPONSE

Plaintiff alleges that all elements of the sexual discrimination claim have been established. Plaintiff, a female, is a member of the protected class. She suffered from an adverse employment action, namely, a demotion and loss of employment benefits (Complaint ¶ 11 and Plaintiff's Response ¶ 8). Plaintiff alleges she was treated differently than other employees since she was followed, evaluated more often, placed back on probation and repeatedly telephoned at home when she was off sick (Complaint ¶¶ 12–23 and Plaintiff's Response ¶ 9). Lastly, Plaintiff states that all these actions were based on her sex. Plaintiff refers to comments made at a Board of Commissioners Meeting to support this allegation (Complaint ¶ 10 and Plaintiff's Response ¶ 5). However, Plaintiff also brought forth an affidavit from Mr. Harmon, Human Resource Manager, who stated he knows of ongoing sexual discrimination (Harmon Aff. ¶ 10).

Plaintiff offers examples of treatment by her supervisor that show treatment substantially different from that of other employees to establish both her harassment claim, and her constructive discharge claim. Plaintiff offers examples such as: 1) being repeatedly called at home when she was out sick (Complaint ¶ 13); 2) having her supervisor, Mr. Lanoue, order her to do typing for him when she was on light duty (Complaint ¶¶ 18–20); 3) being followed by her supervisor, Mr. Lanoue, on her lunch break (Complaint ¶ 22); and 4) being placed back on probation and subjected to additional evaluations (Complaint ¶ 23). Plaintiff also offers Mr. Harmon's affidavit, which specifies that the scrutiny placed on Plaintiff was outside the normal course of business operation (Harmon Aff. ¶ 8).

### DISCUSSION

Title VII of the Civil Rights Act of 1964 prohibits discrimination based on gender. See 42 U.S.C. Sec. 2000e–2(a)(1). Plaintiff's Title VII claim alleges disparate treatment (sex discrimination) and constructive discharge. A disparate treatment claim is viewed under what has come to be known as the "McDonnell Douglas/Burdine standard."

See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A claim of disparate treatment alleges that an individual employee received less favorable treatment due to the employees race, color, sex, religion or national origin.

In a disparate treatment case, a plaintiff case must prove discriminatory intent in order to prevail. See Burdine, 450 U.S. at 256, 101 S.Ct. at 1095. Plaintiff carries the ultimate burden of persuading the trier of fact that defendant intentionally discriminated against her and that the discrimination was based on her sex. Initially, Plaintiff must establish a prima facie case of sexual discrimination by a preponderance of the evidence. See id. at 253, 101 S.Ct. at 1093–94.

McDonnell Douglas establishes a four part test which the plaintiff may use to establish her prima facie case. See McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824. The Court in that case noted that these elements will vary based on the particular circumstances of a specific disparate treatment case. See id. In the instant case, Plaintiff must produce evidence that: 1) she is a member of a protected class under Title VII; 2) an adverse employment action occurred; 3) she and a similarly situated non-protected person received dissimilar treatment; and 4) sufficient evidence, either circumstantial or direct, exists to infer a nexus or causal connection between sex and the disparate treatment. See McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976), Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181 (11th Cir.1984).

■ Plaintiff has met her burden of establishing a prima facie case of disparate treatment (sexual discrimination). Plaintiff, a female, is a member of the protected class. Plaintiff suffered an adverse employment action, a change in her job assignment and loss of employment benefits. While Defendants state Plaintiff's pay remained the same, they fail to challenge the changes in her other benefits. Plaintiff alleges she was treated

differently than other employees since she was followed, evaluated more often, placed back on probation and repeatedly telephoned at home when she was off sick. Lastly, Plaintiff states that all these actions were based on her sex. Plaintiff refers to comments made at a Board of Commissioners Meeting to support this allegation. Additionally, Plaintiff also brought forth an affidavit from Mr. Harmon, Human Resource Manager, who states he knows of ongoing sexual discrimination. Therefore, Plaintiff establishes a prima facie case as set forth in *McDonald.*

When plaintiff meets the burden in establishing a prima facie case, the employer must then "articulate some legitimate, nondiscriminatory reason" for its treatment of the employee. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. Plaintiff then has the burden to establish, by a preponderance of the evidence, that the legitimate, non-discriminatory reasons expounded by the employer were not its true reasons, but were mere pretext for discrimination. *See Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093–94.

Defendants have brought forth their legitimate reasons for their actions. Defendants state the change of position was due solely to financial considerations. Further, Defendants state that the monitoring of Plaintiff was normal supervisory conduct.

■ However, Defendants' proffered reasons are insufficient to support summary judgement in light of the record. The comment was made by the Commissioner that "kids like big uniforms and big guys to wear them." (Defendants' Motion, Ex. 4 at 3:15–16). The ultimate interpretation of this comment is an issue for the trier of fact. Additionally, the affidavit by Mr. Harmon brings into question the motive of Defendants' actions by stating Plaintiff was treated more harshly than other employees. (Harmon Aff. ¶¶ 5, 6, 8, and 9). Therefore, a genuine issue of material fact exists as to the alleged sexual discriminated against Plaintiff.

Sexual harassment is a form of sex discrimination prohibited by Title VII. *See Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). There are two forms of sexual harassment: hostile work environment and quid pro quo. In this case, Plaintiff has alleged hostile work environment sexual harassment. The elements for sexual harassment include: 1) Plaintiff must belong to a protected class; 2) Plaintiff was subjected to unwelcome sexual harassment; 3) the harassment was based on sex; 4) the harassment was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and 5) respondeat superior. *See Henson v. City of Dundee,* 682 F.2d 897 (11th Cir.1982).

■ The issue of sexual harassment has not been established by the Plaintiff. Plaintiff has failed to show any evidence of sexual harassment or a hostile work environment as established in *Henson.* While Plaintiff has put forth incidents of disparate treatment, Plaintiff not shown that these actions were because of her sex. Therefore, the Court finds that summary judgement as to the sexual harassment claim is appropriate in this case.

■ A constructive discharge case is like a disparate treatment case. Plaintiff must allege that the employer intentionally rendered the working conditions so intolerable that the employee was compelled to quit involuntarily. *See Buckley v. Hospital Corporation of America,* Inc., 758 F.2d 1525 (11th Cir.1985). To find constructive discharge, the trier of fact must be satisfied that working conditions were so difficult or unpleasant that a "reasonable person in the employee's shoes would have felt compelled to resign." *See Garner v. Wal–Mart Stores, Inc.,* 807 F.2d 1536, 1539 (11th Cir.1987) (citing *Bourque v. Powell Manufacturing Co.,* 617 F.2d 61, 65 (5th Cir.1980)).

Plaintiff has alleged multiple incidents that she claims affected her working conditions to the point that Plaintiff found the environment intolerable. Plaintiff offers examples such as: 1) being repeatedly called at home when she was out sick (Complaint ¶ 13); 2) having her supervisor, Mr. Lanoue order Plaintiff to do typing for him when she was on light duty (Complaint ¶¶ 18–20); 3) being followed by her supervisor, Mr. Lanoue, on her lunch break (Complaint ¶ 22), and 4) having been placed back on probation

and subjected to additional evaluations (Complaint ¶ 23). Plaintiff also offers Mr. Harmon's affidavit, which specifies that the scrutiny placed on Plaintiff was outside the normal course of business operation (Harmon Aff. ¶ 8). In a motion for summary judgment, these facts must be considered in the light most favorable to the non-moving party. The totality of all these actions could be found by the trier of fact to be sufficient to make the working environment intolerable to a reasonable person. Therefore, sufficient facts exist to establish a genuine issue of material fact as to the presence of a constructive discharge.

**ORDERED** that Defendants' motion for summary judgment is granted in part as to the sexual harassment claim. Defendants' motion for summary judgement is **denied** as to the sexual discrimination and constructive discharge claims.