[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2010
JOHN LEY
CLERK

No. 09-16499
Non-Argument Calendar

_____

D. C. Docket No. 09-00136-CV-IPJ

LYNN M. FOSHEE,

Plaintiff-Appellant,

versus

ASCENSION HEALTH - IS, INC.,
d.b.a.  St. Vincent's Health System,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 23, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Lynn M. Foshee appeals the district court's grant of summary

judgment in favor of Ascension Health - IS, Inc. ("Ascension Health") in her retaliation suit under the FMLA, 29 U.S.C. § 2615(a). Foshee argues that she met her burden of establishing a *prima facie* case under the *McDonnell Douglas*[1] framework. She contends that the "materially adverse effect" standard should apply to her FMLA retaliation claim.[2] She argues that under this standard, the behavioral agreement, Ascension Health's refusal to discuss accommodations with her, and her constructive discharge were adverse employment decisions.

"We review *de novo* the district court's order granting summary judgment." *Little v. United Technologies*, *Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). Summary judgment should be granted where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Thus, where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). The record and all of its inferences should be viewed in the light most favorable to the nonmoving party. *Id.* at 587-88, 106 S. Ct. at 1356. However, a "party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading,

---

[1]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817.

[2]*See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 70-71, 126 S. Ct. 2405, 2416-17 (2006).

2

but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986).

To succeed under a theory of FMLA retaliation, Foshee must show that Ascension Health intentionally "discriminated against [her] because [s]he engaged in activity protected by the Act." *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). When the plaintiff does not offer direct evidence of the employer's retaliatory intent, we employ the *McDonnell Douglas* burden-shifting framework. *Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1243 (11th Cir. 2010). Under this framework, the "plaintiff must first establish a *prima facie* case by demonstrating (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." *Id.*

Prior to *Burlington Northern*, we held that in order to show an adverse employment action, "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment." *See, e.g.*, *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001) (addressing a Title VII discrimination claim). However, we have not addressed whether the "materially adverse effect" standard articulated in *Burlington Northern* should apply to claims of FMLA retaliation. *See Schaaf*, 602 F.3d at 1243-44 (articulating the traditional "adverse

employment decision" language when describing the plaintiff's *prima facie* burden, then holding that even assuming the plaintiff could establish a *prima facie* case, she could not establish pretext). However, it is unnecessary for us to decide whether *Burlington Northern* applies in FMLA retaliation cases in order to dispose of this appeal because even if the broader *Burlington Northern* standard applies, Foshee still cannot show that any of Ascension Health's actions had a materially adverse effect on her. *See Crawford v. Carroll*, 529 F.3d 961, 973-74 (11th Cir. 2008) (noting that the *Burlington Northern* standard is broader than the previously applicable "adverse employment action" standard).

## A.    Constructive Discharge

Foshee argues that summary judgment is inappropriate because a jury should determine what constitutes intolerable working conditions sufficient to amount to constructive discharge. She argues that the company's posting of her position combined with the company's refusals to meet with her were sufficiently suggestive that she was being terminated.

An employee has been constructively discharged when her employer "imposes working conditions that are so intolerable that a reasonable person in the employee's position would have been compelled to resign." *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) (internal quotation

4

marks & alterations omitted). We have held that "[m]ere suspicion of an unsubstantiated plot is not an intolerable employment condition." *Id.* at 978. We also have said that "[p]art of an employee's obligation to be *reasonable* is an obligation not to assume the worst, and not to jump to conclusions too fast." *Garner v. Wal-Mart Stores, Inc.*, 807 F.2d 1536, 1539 (11th Cir. 1987).

We conclude from the record that Foshee cannot establish constructive discharge because her mere suspicion of a plot against her is insufficient to support a claim of constructive discharge. Moreover, a reasonable person in Foshee's position would not have felt compelled to resign as a result of the company posting her position as available.

## B.  Other employment actions

Foshee points out two other actions that the district court refused to consider, which she contends satisfy the second prong of her *prima facie* case. First, Foshee contends that the counseling sessions and the behavioral agreement she was forced to sign constitute adverse employment actions under *Burlington Northern* because the sessions and the agreement were materially adverse in that they placed her closer to termination and increased her stress level. Second, she argues that it should be for a jury to decide whether Ascension Health's refusal to communicate with her or to consider accommodating her, as they had done prior to

5

her FMLA leave, was an adverse employment action under the *Burlington Northern* standard because her supervisor knew that her physician would not release her to return to work until after she met with Ascension Health.

The materiality of the alleged adverse action is judged by an objective standard. *See Burlington Northern*, 548 U.S. at 68, 126 S. Ct. at 2415 (explaining that a materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination") (internal quotation marks omitted). However, we have stated that *Burlington Northern* "strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered 'materially adverse' to [her] and thus constitute adverse employment actions." *Crawford*, 529 F.3d at 973 n.13 (citing *Burlington Northern*, 548 U.S. at 71-73, 126 S. Ct. at 2417).

Ascension Health's actions did not have a materially adverse effect upon Foshee. First, because Foshee did not submit the behavioral agreement to the district court, account for its absence, or even attempt to detail its contents, the record before us is inadequate to review whether the behavioral agreement is anything more than the most petty and trivial of actions. Foshee did not meet her burden of establishing that there is a genuine issue for trial. Second, Poe's refusals to talk with Foshee about potential accommodations while she was out on leave are

6

likewise not sufficiently material to be an adverse employment action. Foshee's emails do not clearly indicate that Foshee's doctor would not clear her for a return to work in any capacity until she met with someone from Ascension Health, and Poe's response did not foreclose an attempt to accommodate Foshee upon her return to work. An objectively reasonable person would not consider Poe's response materially adverse.

Finally, even when viewed collectively, we conclude that these actions are not sufficiently material that an objectively reasonable person would consider them materially adverse. Because Foshee has failed to establish that any of Ascension Health's actions had a materially adverse effect on her, she has not met her burden of establishing a *prima facie* case. Accordingly, we affirm the district court's grant of summary judgment in favor of Ascension Health.

**AFFIRMED.**